

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,707-01

### EX PARTE JOHN DERRECK WILLIAMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10720-A IN THE 90TH DISTRICT COURT
### FROM YOUNG COUNTY

*Per curiam*.

#### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with the intent to deliver and sentenced to ninety-nine years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Williams v. State*, No. 05-17-00818-CR (Tex. App.—Dallas Jan. 29, 2018) (not designated for publication).

Applicant contends, among other things, that trial counsel failed to timely convey to the State that Applicant would accept a plea offer of deferred adjudication probation for five years and mandatory treatment in a substance abuse felony punishment facility.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to the above claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether (1) the State offered deferred adjudication probation for five years and mandatory treatment in a substance abuse felony punishment facility; (2) if so, Applicant conveyed to counsel that he would accept this offer before it expired; and (3) if so, counsel conveyed Applicant's acceptance to the State before the offer expired. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 12, 2019
Do not publish